UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE SANCHEZ SILVA,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | Case No.:  3:21-cv-00589-WQH-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO EXTEND CASE MANAGEMENT DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 28]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 28. The parties seek an order from the Court extending case management deadlines by approximately 45 days. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 16 at 7 (Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they have been working diligently to abide by the Court's Scheduling Order (ECF Nos. 16, 25). ECF No. 28. The parties represent that the Mexican medical records identified a psychiatrist, Dr. Bhatia, who had not been previously disclosed. ECF No. 28-1 at 2. Defendant obtained Dr. Bhatia's treatment records via subpoena on May 11, 2022. *Id*. Additionally, it was uncovered during initial expert designations that another treatment provider had not been previously disclosed during discovery, and Plaintiff produced records from that treatment provider on May 25, 2022. *Id*. at 3. Further, the parties' retained neuropsychology experts are awaiting raw data from the testing done during Plaintiff's Rule 35 medical examination, which has not yet been completed. ECF No. 29 at 2; ECF No. 28-1 at 2–3. Plaintiff's examination is scheduled for June 14, 2022 and the raw data will not be available until after the exam. ECF No. 29 at 2. Thus, the parties seek an order from the Court extending the expert report deadlines, and consequently the remaining case management deadlines, by approximately 45 days. ECF No. 28.

/ /
/ /
/ /
/ /

The Court appreciates the parties' thorough motion and declarations, and finds good cause to **GRANT**[1] the motion. ECF No. 28. The Court **ORDERS** the following:

1. By **August 18, 2022**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **September 15, 2022**.

3. All expert discovery shall be completed by all parties by **October 13, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

4. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5. All other pretrial motions must be filed by **November 10, 2022**. Counsel must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

---

[1] The Court has adopted most of the dates submitted by the parties; however, in light of the additional information submitted (ECF No. 29), and due to conflicts on the Court's calendar, certain dates have been modified.

6. A Mandatory Settlement Conference shall be conducted on **January 17, 2023** at **2:00 p.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **December 29, 2022**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person, by videoconference, or by phone no later than **January 5, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **January 11, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **January 11, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

7. In jury trial cases before Judge Hayes, neither party is required to file Memoranda of Contentions of Fact and Law.

8. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **February 17, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R.

Civ. P. 37.

9. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 24, 2023**. At this meeting, the parties shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. The parties shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

10. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 3, 2023**, plaintiff must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

11. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 10, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **March 17, 2023** at **11:00 a.m.**

13. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Briefs or memoranda in support of or in opposition to any pending motion

shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

17.   Plaintiff shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  June 10, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge