UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE SANCHEZ SILVA,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Case No.:  3:21-cv-00589-WQH-AHG<br><br>**ORDER GRANTING<br>JOINT MOTION TO EXTEND<br>EXPERT DISCOVERY DEADLINE**<br><br>**[ECF No. 31]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 31. The parties seek an order from the Court extending the expert discovery deadline by approximately 35 days. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 30 at 5 (Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they have been working cooperatively and diligently to abide by the Court's Scheduling Order (ECF No. 30). ECF No. 31 at 1. The parties represent that there are 27 expert witnesses in this case, many of whom will likely need to be deposed upon completion of their reports. ECF No. 31-1 at 2; ECF No. 31 at 1. Further, Plaintiff's lead counsel will be out of the country from September 15 until September 22, and Defendant's lead counsel will be out of the country from September 19 until October 4. ECF No. 31-1 at 2. Thus, due to the voluminous scope of expert discovery in this case and availability of counsel, the parties seek an order from the Court extending the expert discovery cutoff from October 13 to November 17. ECF No. 31.

The Court appreciates the parties' thorough motion and declaration, and finds good cause to **GRANT**[1] the motion. ECF No. 31. The Court **ORDERS** the following:

1. All expert discovery shall be completed by all parties by **November 17, 2022**.

2. All other pretrial motions must be filed by **November 25, 2022**. Counsel must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The

---

[1] Though the parties noted that "such an extension would not adversely impact other pretrial dates[,]" if left unchanged, the pretrial motion deadline (November 10, 2022) would pass before the new expert discovery cutoff (November 17, 2022). Thus, the Court has *slightly* adjusted the pretrial motion deadline.

1 period of time between the date you request a motion date and the hearing date may vary
2 from one district judge to another. Please plan accordingly. Failure to make a timely request
3 for a motion date may result in the motion not being heard. Motions in limine are to be
4 filed as directed in the Local Rules, or as otherwise set by the district judge.

5       3.    All other dates, deadlines, and procedures set forth in the Court's First
6 Amended Scheduling Order (ECF No. 30) **remain in place**, except as explicitly modified
7 by this Order.

     **IT IS SO ORDERED.**

Dated:  August 17, 2022

                                                    Honorable Allison H. Goddard
                                                    United States Magistrate Judge